\*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSE CRUZ, | : | |
| | : | Civil Action No. 15-8813 (JLL) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY DEPARTMENT OF | : | |
| CORRECTIONS, et al. | : | |
| | : | |
| Defendants. | : | |

**LINARES**, District Judge:

Presently before the Court is the motion of Defendant, the New Jersey Department of Corrections, to dismiss Plaintiff's complaint brought pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 5). Plaintiff did not file a response to the motion. For the following reasons, this Court will grant the motion to dismiss and will dismiss the Department from this action with prejudice.

**I. BACKGROUND**

Plaintiff's complaint arises out of an incident which occurred within Northern State Prison's law library on February 26, 2015. On that date, at approximately 2:15 p.m., Plaintiff alleges that Defendant Derek McGee, a corrections officer employed at the prison, called Plaintiff a "pervert" and then "assaulted [Plaintiff] by beating him and throwing him across the floor."

(Document 1 attached to ECF No. 1 at 4). Plaintiff further alleges that this assault resulted in "severe and permanent" injury including back injuries, internal bleeding, and mental anguish/emotional distress. (*Id.* at 5). Based on these allegations, Plaintiff raises the following claims: a state law tort claim against McGee for assault,[1] an excessive force claim brought pursuant to 42 U.S.C. § 1983 in which he claims that McGee violated his Eighth Amendment rights by assaulting him, and a supervisory state law tort claim against the Department alleging that the Department is responsible for McGee's actions under the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:2-2. (*Id.* at 5-7).

On December 22, 2015, the Department removed this action to this Court based upon Plaintiff's federal § 1983 claim. (ECF No. 1). On February 8, 2016, the Department filed the instant motion to dismiss seeking to dismiss Plaintiff's sole claim against the Department under the New Jersey Tort Claims Act. (ECF No. 5). Plaintiff did not respond to the motion. On March 1, 2016, Defendant Derek McGee filed an answer to the complaint. (ECF No. 6).

## II. DISCUSSION

### A. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief."

---

[1] Plaintiff essentially restates this assault claim in his Count Three, with the only difference being that Count Three specifically addresses the New Jersey Tort Claims Act. (Document 1 attached to ECF No. 1 at 6).

*Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting in full *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter" to show that its claims are facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Dempster*, 764 F.3d at 308 (quoting in full *Iqbal*, 556 U.S. at 678).

**B. Analysis**

In his complaint, Plaintiff makes only a single claim against the Department: that the Department, under the New Jersey Tort Claims Act, is responsible for the actions of its employee, Derek McGee, for his assault on Plaintiff. The New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1-1 et seq., controls the state law tort liability of public entities and their employees in New Jersey. Under the act, a public entity is generally liable for injuries caused by the acts or omissions of its employees that are within the employee's scope of employment to the same extent as a private individual under similar circumstances. N.J. Stat. Ann. § 59:2-2(a). Although this provision "adopts the general concept of vicarious liability" for public entities, the Act also contains an exception which specifically provides that a "public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful

3

misconduct." *Hoag v. Brown*, 935 A.2d 1218, 1230 (N.J. App. Div. 2007) (quoting N.J. Stat. Ann. § 59:2-10). The New Jersey courts have construed this statutory exception as establishing that "there can be no vicarious liability by a public entity for intentional torts committed by its employees; that is, with respect to intentional torts, the theory of respondeat superior does not apply." *Id.*; *see also Endl v. New Jersey*, 5 F. Supp. 3d 689, 698 (D.N.J. 2014); *Usavae v. Port Auth. Of New York and New Jersey*, 932 F. Supp. 2d 575, 602 (S.D.N.Y. 2013); *McDonough v. Jorda*, 519 A.2d 874, 880 (N.J. App. Div. 1986), *cert. denied*, 540 A.2d 1282 (N.J. 1988), *cert. denied sub nom.*, *Jorda v. City of New Brunswick*, 489 U.S. 1065 (1989).

In his complaint, Plaintiff pleads only one claim against the Department: that the Department is liable for the alleged assault against him because it employs Defendant McGee. As such, Plaintiff has pled a claim for vicarious liability based on an intentional tort, which the New Jersey Tort Claims Act does not permit. *See Usavage*, 932 F. Supp. 2d at 602. As such, this Court must dismiss Plaintiff's sole claim against the Department with prejudice.[2] *Id.*

---

[2] Plaintiff does not appear to also be asserting a claim against the Department under § 1983. Had Plaintiff done so, that claim, too, would have to be dismissed with prejudice as the Department is not a person subject to suit under § 1983. *See Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989).

## III. CONCLUSION

For the reasons stated above, this Court will grant Defendant's motion to dismiss and will dismiss Plaintiff's sole claim against the Department with prejudice.

Hon. Jose L. Linares,
United States District Judge